UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONALD V. JACOBS and | ) | |
| MICHELLE A. JACOBS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:06-CV-0459 |
| | ) | |
| JANE A. HOULIHAN  and | ) | |
| BRANDON M. JACOBS | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is plaintiffs[1], Donald V. and Michelle A. Jacobs ("the Jacobs's") "Motion to Correct Errors" wherein they seek this court to reconsider its Order dated August 15, 2006 in which the undersigned held that the Jacobs had no right of removal under section 28 U.S.C. §1443 (the statutory reference in the removal petition) nor did they meet the statutory qualifications for removal under any other statutory provision and remanded the case to the Wabash Circuit Court. The undersigned has reviewed all of the filings in this cause and, for the reasons stated in its original Order, reiterated and expanded upon herein, the Motion to Correct Errors will be DENIED.

In their removal petition, the Plaintiffs seek to remove to federal court a guardianship action filed by Defendant in the present action, Jane Houlihan ("Houlihan") wherein she seeks guardianship over her adult son, Brandon Jacobs.  The Jacobs, who were non-parties to the original guardianship action, intervened by filing a counter-petition in the state suit also seeking guardianship of Brandon Jacobs. On May 11, 2006, the state court, after a hearing, entered an order granting guardianship of Brandon Jacobs to Houlihan and ordered the Jacobs to pay various attorneys fees

---

[1]Plaintiffs refer to themselves as "Petitioners (Non-parties below)" in this action.

and expenses for engaging in frivolous litigation.[2]  The state court further removed the Jacobs from the docket as petitioners so as to prevent their further interference with the guardianship proceedings.  The Jacobs, while receiving notice of that hearing, did not appear.  Subsequently, the Jacobs appealed to the Indiana Court of Appeals.  While that appeal was pending, Houlihan moved forward with proceedings supplemental to collect the attorney's fees awarded to her by the court.  On July 24, 2006, the date of the hearing on the motion for proceedings supplemental, the Jacobs removed the guardianship action to this court claiming this court has jurisdiction under various federal civil rights statutes and that the judge, Houlihan, and her lawyer violated their constitutional rights.  In the present motion, the Jacobs assert that this court is also violating their constitutional rights.

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. *See, e.g., BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997).

Federal district courts have original jurisdiction over what have come to be known as "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1993).  In addition, federal courts have "diversity jurisdiction" over lawsuits brought by citizens of different states and where the amount in controversy exceeds $75,000.  28 U.S.C. §1332 (1993).

---

[2] According to the state court judge, the actions of the Jacobs caused Jane Houlihan to incur more than four times the attorneys fees that would have been necessary in the action because "many, if not most, of the documents filed by Donald and Michelle were frivolous, unreasonable, groundless and/or in bad faith."

The Jacobs's removal petition contained no allegation of diversity of citizenship. As a result, for this matter to be properly removed, there must be sufficient allegations in the complaint giving rise to federal question jurisdiction. "It is a long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Speciale v. Seybold*, 147 F.3d 612, 614 (7th Cir. 1998) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citations omitted). Indeed, "[t]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is master of the complaint ... and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987).

Here, the original complaint upon which the removal action is based is a guardianship petition filed by Jane Houlihan. As this court noted in its original Order, this is not a complaint that raises issues of federal law, especially since the guardianship petition has already been prosecuted to its conclusion and is on appeal to the Indiana Court of Appeals. Moreover, this court is barred from hearing such a case by the "domestics relations exception" set forth by the Supreme Court in *Ankenbrandt v. Richards,* 504 U.S. 689(1992); see also *In re Whatley,* 396 F.Supp.2d 50, 58 (D.Mass. 2005); *Mazur v. Woodson,* 932 F.Supp. 144, 148-49 (E.D.Va.1996) (extending the domestic relations exception to an action challenging the validity and regularity of a state-ordered guardianship decree, holding that "guardianship of an adult because of mental illness or incapacity is analogous to child custody situations.").

Of course, the Jacobs assert that their *removal petition* raises questions of federal law in that they assert that their civil rights were violated by the state court so as to fall under 28 U.S.C. § 1443(1) which permits removal of a civil action "against any person who is denied or cannot enforce

in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."   However, in this court's original Order, the undersigned detailed why removal under this provision is inappropriate.

Procedurally, this case is also flawed in that the Jacobs repeatedly insist in their filings that they and Jane Houlihan **"never sued each other in that [the guardianship] case"** (see, Jacobs's Response to Motion to Dismiss Petition for Removal paragraph 2, emphasis in original) and thus, they were non-parties[3] to the original guardianship action.  This is flawed logic for if the Jacobs are truly non-parties to an action, they cannot remove that action to federal court.  The right to remove a case from state to federal court is vested exclusively in "the defendant." 28 U.S.C. § 1441(a).  See *Cuna Mut. Life Ins. Co. v. Norwood*, 2006 WL 2189702, *1 (W.D.Wash.2006); *Integrated Disability Resources, Inc. v. Cicchillo,* 2005 WL 1680790, *1 (N.D.Ohio 2005) (quoting *McCane v. McCane,* 47 F.Supp.2d 848, 851 (E.D.Mich.1999) ("Based on the plain language of 28 U.S.C. 1441 and 1446, 'it is clear that the privilege of removal extends only to defendants, and not to plaintiffs.'). Accordingly, even if the court had jurisdiction, the removal petition is procedurally defective.

Finally, the Jacobs request in paragraph 26 of their filing the following:

> Simultaneously [with the filing of the removal petition *sub judice*], the Petitioners also request the same to be treated, in the alternative, as a complaint made pursuant to 42 U.S.C. §1983 seeking the appropriate injunctive relief against the state court proceedings.

To the extent that the Jacobs are requesting that their removal petition be considered a new complaint alleging violations of 42 U.S.C. §1983, the court cannot simply convert the petition.

---

[3]The state court docket reflects that the Jacobs attempted to intervene in the guardianship action by filing a counter-petition for guardianship.  So, in fact, they did, at some point, enter the lawsuit.  However, the docket also reflects the court's decision to remove the Jacobs from the docket after they lost on their petition.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Moreover, new summonses will need to issue in the cause to each named defendant notifying them of the complaint and the Jacobs will need to pay the appropriate filing fee for new complaints.   In addition to reviewing the Federal Rules relating to proper service, the Jacobs should be certain to consult Fed.R.Civ.P. 11 prior to filing a new complaint in this action.

## **CONCLUSION**

Based on the foregoing, the Jacobs's "Motion to Correct Errors" is DENIED.  The Order to Remand the case to the Wabash Circuit Court remains intact.

SO ORDERED.

This 6th day of September, 2006.

s/ William C. Lee<br>
United States District Court